UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| James Sharkey,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>J. Duke and Las Vegas Metro Police,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-00449-CDS-DJA<br><br>**Order** |

　　　　Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. The Court screens Plaintiff's complaint and allows Plaintiff's Fourteenth Amendment due-process claim to proceed against Defendant J. Duke in his individual capacity and dismisses Plaintiff's claims against the LVMPD and J. Duke in his official capacity with leave to amend.

**I.    *In forma pauperis* application.**

　　　　Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Screening the complaint.**

　　　　Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### A. Plaintiff's claims.

Plaintiff alleges that on March 20, 2023, Duke—in his capacity as a police sergeant, apparently with the Las Vegas Metropolitan Police Department ("LVMPD")—told Plaintiff that if he caught Plaintiff walking in public he would arrest Plaintiff even if Plaintiff was not committing a crime. Plaintiff alleges that Duke said this as a commanding officer in front of seven other officers and added that if he found Plaintiff walking down the public sidewalk of Las Vegas Boulevard, he would arrest Plaintiff. Plaintiff asserts that LVMPD has harassed him for years and that he has effectively been banned from Las Vegas Boulevard by their actions, making it impossible for him to go to work. Plaintiff brings his claims under the Fourteenth Amendment Due Process Clause. Plaintiff sues Duke in his individual and official capacity.

#### 1. Plaintiff's claims against J. Duke.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall…deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. XIV § 1. To state a Fourteenth Amendment due-process claim, a plaintiff must adequately allege that a state actor denied him a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Individuals have a constitutionally protected liberty interest to be in parks or on other city lands of their choosing that are open to the public generally. *City of Chicago v. Morales*, 527 U.S. 41, 54 (1999).

Here, the Court dismisses Plaintiff's claim against Duke in his official capacity as a redundant defendant, but will permit Plaintiff's claim against Duke in his individual capacity to proceed. Duke in his official capacity is a redundant defendant because Plaintiff also sues the LVMPD. "There is no longer a need to bring official capacity actions against local government officials [in their official capacities], for under *Monell* ... local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). Because an official capacity suit against a municipal officer is equivalent to a

suit against the government entity, the court may dismiss the officer as a redundant defendant where both the officer and the entity are named. *Center for Bio–Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008). The Court thus dismisses Plaintiff's claims against Duke in his official capacity without prejudice.

The Court will allow Plaintiff's Fourteenth Amendment due-process claim to proceed against Duke in his individual capacity. Plaintiff has sufficiently alleged that Duke deprived him of a liberty interest while acting in his capacity as a police sergeant by threatening Plaintiff with an unjustified arrest. Because Duke's threats included making up a reason to arrest Plaintiff even if Plaintiff was not committing a crime, Plaintiff has sufficiently alleged that Duke deprived him of his liberty interest without constitutionally required procedures. For the purposes of screening, Plaintiff has thus alleged a colorable claim that Duke, acting in his individual capacity, violated his Fourteenth Amendment due-process rights.

### 2. Plaintiff's claims against LVMPD.

"The LVMPD is a political subdivision of the state and may sue or be sued in its own name." *Williams v. Las Vegas Metro. Police Dep't*, No. 16-cv-3020, 2019 WL 346400, at *5 (D. Nev. Jan. 25, 2019) (citing Nev. Rev. Stat. § 280.280(4)). "To state a colorable claim against the LVMPD, a plaintiff must allege a theory of municipal liability." *Id.* A municipality may be found liable under 42 U.S.C. § 1983 only if the municipality itself causes the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). To state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *Id.* "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipalities are not vicariously liable under § 1983 for their employees' actions. *Id.* at 60.

A policy has been defined as "a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final

policy with respect to the subject matter in question." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell*, 436 U.S. at 690); *see also Waggy v. Spokane Cty. Washington*, 594 F.3d 707, 713 (9th Cir. 2010).  The weight of authority has established that a "policy can be one of action or inaction" within the meaning of *Monell*. *Waggy*, 594 F.3d at 713 (citing *City of Canton*, 489 U.S. at 388). "Both types of claims require that the plaintiff prove a constitutional violation." *Id.* (citing 42 U.S.C. § 1983).

The Court dismisses Plaintiff's claim against the LVMPD without prejudice.  Plaintiff has not provided sufficient facts to demonstrate that the LVMPD created a policy or custom of preventing him from walking down a public sidewalk.  And LVMPD cannot be vicariously liable for the actions of Duke.  Because Plaintiff has not alleged sufficient facts regarding LVMPD's alleged custom or policy to establish municipal liability, the Court dismisses Plaintiff's claims against LVMPD without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Plaintiff's Fourteenth Amendment due-process claim shall proceed against Duke in his individual capacity.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) and issue a summons for J. Duke.  The Clerk of Court is kindly directed to deliver the summons and a copy of the complaint to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff a copy of form USM-285.[1]

**IT IS FURTHER ORDERED** that Plaintiff must complete a USM-285 form for Duke and provide an address where Duke can be served with process. Once completed, Plaintiff must provide a USM-285 form to the U.S. Marshal. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required form.

**IT IS FURTHER ORDERED** that upon receipt of the issued summons, the USM-285 form, and the operative complaint—and pursuant to Federal Rule of Civil Procedure 4(c)(3)—the U.S. Marshal shall attempt service upon Duke.

**IT IS FURTHER ORDERED** that, within twenty days after receiving from the U.S. Marshal a copy of the form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Duke was served. If Plaintiff wishes to have service again attempted on Duke, he must file a motion with the Court identifying Duke and specifying a more detailed name and/or address for Duke or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Duke, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Duke or counsel for Duke. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

**IT IS FURTHER ORDERED** that Plaintiff's Fourteenth Amendment due-process claims against the LVMPD and Duke in his official capacity are **dismissed without prejudice** for

---

[1] The USM-285 form is also available at: https://www.usmarshals.gov/resources/forms/usm-285-us-marshals-process-receipt-and-return

failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **July 5, 2023** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

DATED: June 5, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE