UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| James Sharkey, | Case No. 2:23-cv-00449-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| J. Duke, | |
| Defendant. | |

Before the Court are Plaintiff's counsel's motion to withdraw (ECF No. 20), Plaintiff's *ex parte* motion for appointment of new counsel (ECF No. 21), and Plaintiff's motion to file electronically (ECF No. 22).

**I.      Scott Olifant, Esq.'s motion to withdraw.**

Plaintiff's counsel—Scott B. Olifant, Esq.—has moved to withdraw his representation of Plaintiff James Sharkey, explaining that counsel and Plaintiff have encountered a breakdown in the attorney client relationship. (ECF No. 20). Counsel further explains that there are no pending dates in this case that would be affected by withdrawal.[1] (*Id.*). No party has responded to the motion to withdraw.

Under Nevada Local Rule[2] ("LR") IA 11-6(b), "[i]f an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected

---

[1] The Court informs Plaintiff that the current deadlines governing this case are in the extension of the discovery plan and scheduling order filed at ECF No. 15. The rebuttal expert deadline is closing on March 11, 2024 and discovery closes on April 8, 2024. (ECF No. 15). Although Plaintiff is now proceeding *pro se*, he is expected to abide by these deadlines or seek to extend them under Federal Rule of Civil Procedure 6(b) and Local Rule 26-3.

[2] This refers to the local rules for the United States District Court for the District of Nevada. These rules can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/

client and opposing counsel." LR IA 11-6(b).  Under Local Rule 7-2(d) the failure of a party to oppose a motion constitutes that party's consent to the granting of the motion.  The Court finds that Plaintiff's counsel has met the requirements of Local Rule IA 11-6(b).  Plaintiff has also not responded, constituting his consent to the granting of the motion.  The Court thus grants Mr. Olifant's motion to withdraw.  (ECF No. 20).

II.     **Plaintiff's motion for appointment of counsel.**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  *Id.*  "Neither of these considerations is dispositive and instead must be viewed together."  *Id.*

The Court denies Plaintiff's motion for appointment of counsel.[3] (ECF No. 21).  Plaintiff asserts that he has been unable to afford counsel and needs to amend his complaint, but would be a burden to the court if he tried to do so *pro se*.  (*Id.*).  However, Plaintiff has described difficulties that face nearly every *pro se* litigant, not exceptional circumstances.  And, because the case is at its very early stages, it is unclear whether it is likely to succeed on the merits.  Additionally, before Plaintiff retained counsel, he demonstrated an ability to articulate his claims as evidenced by his claim against J. Duke proceeding beyond screening.  The Court thus denies his motion for appointment of counsel without prejudice and with leave to refile if Plaintiff can demonstrate exceptional circumstances.

---

[3] Plaintiff has filed his motion for appointment of counsel *ex parte*.  However, Plaintiff has not articulated the rule that permits his *ex parte* filing or explained why he filed his motion on an *ex parte* basis as required under Nevada Local Rule IA 7-2(b).  The Court thus orders this filing unsealed and the *ex parte* designation removed.

### III. Plaintiff's motion to file electronically.

The Court denies Plaintiff's motion to file electronically because it is on a form intended for the Central District of California. (ECF No. 22). Under Nevada Local Rule IC 2-1(b), a *pro se* litigant may request the court's authorization to register as a filer in a specific case. While the Nevada Local Rules do not specify a particular form for a party to use when requesting authorization to e-file, the California form is specific to the Central District of California Local Rules and thus not applicable to the District of Nevada. The Court thus denies the motion without prejudice and with leave for Plaintiff to refile not using the Central District of California form.

**IT IS THEREFORE ORDERED** that Scott Olifant, Esq.'s motion to withdraw (ECF No. 20) is **granted**. The Clerk of Court is kindly directed to remove Scott Olifant, Esq. as counsel of record and from the electronic service list for this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall add the last known address and email address of Plaintiff to the civil docket and send a copy of this Order to Plaintiff's last known address:

James Sharkey

584 Tam O'Shanter

Las Vegas, NV 89109

James@SharkeyFamilyRealtor.com

**IT IS FURTHER ORDERED** that Plaintiff's *ex parte* motion for appointment of counsel (ECF No. 21) is **denied without prejudice.** The Clerk of Court is kindly directed to unseal ECF No. 21 and to remove its *ex parte* designation.

///

///

///

**IT IS FURTHER ORDERED** that Plaintiff's motion for *pro se* litigant to file electronically (ECF No. 22) is **denied without prejudice**.

DATED: March 6, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE