# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

James Sharkey,

               Plaintiff,

   v.

J. Duke,

               Defendant.

Case No. 2:23-cv-00449-CDS-DJA

**Order**

Before the Court is Plaintiff's motion to extend discovery (ECF No. 45), motion for appointment of counsel (ECF No. 58), motion to reopen the deadline to amend pleadings (ECF No. 60), and additional motion to extend discovery (ECF No. 72). For the reasons outlined below, the Court denies each of these motions.

## I.      Motion to extend discovery.

Plaintiff moves to extend discovery, stating that he filed a complaint in a separate case and filed a motion in this case to consolidate the two. (ECF No. 45).[1] He argues that "[a]n extension of the discovery process is necessary to allow time for the new complaint to be addressed and consolidated with the present case." (*Id.* at 1). Defendant argues that seeking to consolidate a case does not constitute good cause to extend discovery and Defendant has opposed Plaintiff's motion to consolidate. (ECF No. 54). Defendant asserts that Plaintiff "is seeking an end-run around this Court's Order denying his second Motion to Amend his Complaint." (*Id.* at 2). Plaintiff replies that seeking to consolidate his cases does constitute good cause. (ECF No. 56).

---

[1] Discovery closed on July 8, 2024. (ECF No. 41). Plaintiff filed his motion to extend before that deadline, on June 13, 2024. (ECF No. 45).

The Court denies Plaintiff's motion because Plaintiff has not explained why he needs to extend discovery to consolidate his cases. Plaintiff has not identified what discovery he needs and why that discovery is contingent on consolidation. Plaintiff has not explained why he cannot pursue discovery in his other case and then, if his cases are consolidated, introduce that evidence into the joint case.

The Local Rules also specifically require information like this. Under Local Rule 26-3, a motion to extend a discovery deadline must include: (1) a statement specifying the discovery completed; (2) a specific description of the discovery that remains to be completed; (3) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (4) a proposed schedule for completing all remaining discovery. LR 26-3. Plaintiff has not provided this information here and the Court denies his motion.

**II.      Motion to appoint counsel.**

Plaintiff moves the Court to appoint counsel, arguing that his case is complex and he lacks legal knowledge. (ECF No. 58). He also filed an improper supplement to that motion without leave of Court. (ECF No. 61); *see* Local Rule 7-2(g) (stating that "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause."). Defendant responds that Plaintiff is unlikely to be successful on his claim, that his claim is not complex because it involves a single claim against a single defendant, and that Plaintiff is capable of articulating his claims in part because he has filed multiple other lawsuits in this Court. (ECF No. 70). Plaintiff replies that his claims are supported by evidence, that his case is complex, and that his prior filings do not indicate that he is proficient in the law. (ECF No. 76).

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues

1    involved." *Id.* Neither factor is dispositive, and both must be viewed together. *Wilborn v.*
2    *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

3    　　　Here, the Court does not find that Plaintiff has demonstrated exceptional circumstances.
4    This case is currently at the dispositive motion stage and it is unclear if any claims will proceed to
5    trial on the merits. Additionally, Plaintiff has proven his ability to articulate his claims in light of
6    the complexity of the legal issues involved as demonstrated by his motion practice. The Court
7    thus denies his motion for appointment of counsel.

8    **III.    Motion to reopen the amended complaint deadline.**

9    　　　Plaintiff moves to reopen the deadline to file an amended complaint (ECF No. 60), which
10    deadline closed on October 10, 2023 (ECF No. 13). Plaintiff argues that his attorney at the time
11    failed to file an amended complaint and that he terminated his attorney as a result. (ECF No. 60
12    at 1). He adds that he has discovered new evidence in the form of the "defense provid[ing]
13    fragmented and selective video and audio footage that revealed a conspiracy to violate Plaintiff's
14    rights involving the entire police department." (*Id.* at 2). Plaintiff again filed an improper
15    supplement without leave of Court. (ECF No. 71); *see* Local Rule 7-2(g).

16    　　　Defendant responds that Plaintiff has failed to demonstrate excusable neglect sufficient to
17    reopen the deadline and points out that Plaintiff and his counsel had the body camera footage that
18    appears to support Plaintiff's "conspiracy" allegations since January 3, 2024. (ECF No. 78 at 4).
19    After Plaintiff and his attorney parted ways, Defendant asserts that that Plaintiff moved to extend
20    discovery, but did not otherwise ask to extend the deadline to amend pleadings or add parties.
21    (*Id.* at 4-5). Defendant also points out that the Court denied Plaintiff's prior motion to amend and
22    then, "Plaintiff filed the claims he seeks to add in this case in Case No. 2:24-c[v]-01093[-]JAD-
23    NJK" and "[w]hen he sought to consolidate the two cases in an effort to end run around this
24    Court's decision, the Court denied his motion." (*Id.* at 7). Plaintiff did not file a reply.

25    　　　Under Federal Rule of Civil Procedure 16(b)(4), a "schedule may be modified only for
26    good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment
27    policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party
28    seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W.*

1    *States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub*

2    *nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations

3    omitted); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992)

4    (no good cause for amendment when movant knew of facts and theory from the beginning of the

5    case and waited until four months after the deadline for amendments passed to move to amend).

6    Additionally, under Local Rule 26-3, a request to extend a scheduled deadline "made after the

7    expiration of the subject deadline will not be granted unless the movant also demonstrates that the

8    failure to act was the result of excusable neglect."

9          Here, the Court does not find that Plaintiff has demonstrated good cause or excusable

10   neglect sufficient to reopen the deadline to amend his complaint.  Plaintiff's argument about why

11   he has demonstrated good cause is entirely that his attorney failed to timely file a motion to

12   amend and that he learned of "new evidence" that would support a conspiracy claim.  However,

13   Plaintiff does not provide more detail about the timeline of events leading to his desire to amend

14   his complaint from which the Court could find good cause or excusable neglect.

15         Additionally, as Defendant points out, Plaintiff has filed a new complaint alleging the

16   claims he seeks to add here.  So, there would be little prejudice to Plaintiff if the Court denied his

17   motion to amend.  Indeed, his other complaint is related to "[n]ew evidence through discovery

18   revealed the facts on video and audio recordings.  The discovery in case No. 2:23-cv-00449-DJA-

19   CDA [sic]."  *Sharkey v. Las Vegas Metro Police Department*, No. 2:24-cv-01093-JAD-NJK, ECF

20   No. 1-1 at 9 (D. Nev. June 11, 2024).[2]  Plaintiff has also renewed his attempts to consolidate the

21   two actions, which renewed attempt is pending.  (ECF No. 69).  The Court thus denies Plaintiff's

22   motion to reopen the amended complaint deadline.

23

24

25

---

26   [2] Notably, it appears that Plaintiff took the motion to amend that the Court denied in this case
     (ECF No. 32) and simply re-filed it as a new complaint, adding certain handwritten notes, in the
27   other case.  *Compare Sharkey v. Duke*, No. 2:23-cv-00449-CDS-DJA, at ECF No. 32 (D. Nev.
     Apr. 15, 2024) *with Sharkey v. Las Vegas Metropolitan Police Department*, No. 2:24-cv-01093-
28   JAD-NJK, at ECF No. 1-1 (D. Nev. June 11, 2024).

1      **IV.      Motion to extend discovery.**

2              Plaintiff's additional motion to extend discovery includes the items required by Local

3      Rule 26-3.  (ECF No. 72).  He explains that he needs "[c]omplete, unedited body camera

4      footage," "[a]udio recordings and related documents not yet provided," and "[d]epositions of key

5      witnesses and officers involved in the incidents."  (*Id.* at 4).  He claims that he did not timely

6      complete discovery because of his pro se status and because Defendant did not comply with

7      discovery requests.  (*Id.*).  Defendant responds that Plaintiff has not demonstrated excusable

8      neglect sufficient to reopen the discovery deadlines[3] because Plaintiff had the evidence he claims

9      forms the basis for his request since at least January 3, 2024.  (ECF No. 78 at 4).  Defendant adds

10     that Plaintiff's other proffered reasons, like his pro se status, do not constitute excusable neglect.

11     (*Id.* at 5).  Defendant concludes that he has engaged in discovery, while Plaintiff failed to respond

12     to any of Defendant's written discovery, so Plaintiff has not been diligent.  (*Id.* at 7).  Plaintiff did

13     not file a reply.

14             Here, the Court does not find that Plaintiff has demonstrated good cause or excusable

15     neglect sufficient to reopen discovery.  *See* Fed. R. Civ. P. 16(b); *see* LR 26-3.  While the Court

16     recognizes the difficulties that pro se litigants face in pursuing discovery, Plaintiff has only

17     generally referred to his pro se status as a reason for reopening discovery.  And while Plaintiff

18     claims to have been unable to complete certain discovery before the deadline, other than generally

19     asserting that he is pro se and generally blaming Defendant for not engaging in discovery,

20     Plaintiff provides no concrete reasons why.  Without more, the Court does not find that Plaintiff

21     has demonstrated excusable neglect sufficient to reopen the discovery deadline.

22

23             **IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time (ECF No. 45) is

24     **denied.**

25     ---

26     [3] Plaintiff filed his second motion to extend as an errata to one he filed on July 10, 2025.  (ECF
       No. 72) (explaining that it is an errata to ECF No. 65, filed on July 10, 2024).  However, even
27     considering the date Plaintiff initially intended to file his motion—July 10, 2024—Plaintiff filed
       his motion after discovery closed on July 8, 2024.  (ECF No. 41).  So, the excusable neglect
28     standard applies.  *See* LR 26-3.

1    **IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF

2    No. 58) is **denied.**

3    **IT IS FURTHER ORDERED** that Plaintiff's motion to reopen the deadline to amend his

4    complaint (ECF No. 60) is **denied.**

5    **IT IS FURTHER ORDERED** that Plaintiff's motion to extend time (ECF No. 72) is

6    **denied.**

7

8    DATED: August 19, 2024

9    _____

10   DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28