UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| James Sharkey,<br><br>              Plaintiff<br><br>v.<br><br>J. Duke,<br><br>              Defendant | Case No. 2:23-cv-00449-CDS-DJA<br><br>**Order Denying Plaintiff's Motion to Consolidate, Denying Plaintiff's Motion for Summary Judgment, and Granting Defendant's Motion for Summary Judgment and Motion to Strike**<br><br>[ECF Nos. 68, 69, 87, 94] |

This is a 42 U.S.C. § 1983 action brought by plaintiff James Sharkey against defendants Sergeant Justin Duke and Las Vegas Metro Police (LVMPD). *See* Compl., ECF No. 3. Sharkey alleges that defendants violated the Fourteenth Amendment by threatening him with a baseless arrest to keep him off Las Vegas Boulevard ("the Strip").[1] *Id.* at 4. On March 24, 2023, Sharky filed a motion for leave to proceed *in forma pauperis*. ECF No. 1. When granting Sharkey *in forma pauperis* status, Magistrate Judge Daniel J. Albregts screened Sharkey's complaint and determined that the claims against the LVMPD and Sergeant Duke in his official capacity should be dismissed. Order, ECF No. 2 at 1. Sharkey's claim against Sergeant Duke in his individual capacity survived. *Id.* On July 15, 2024, Sharkey filed a motion for summary judgment. Pl.'s mot. for summ. j., ECF No. 68. Sergeant Duke filed his opposition on August 5, 2024. Def.'s opp'n, ECF No. 86. Subsequently, Sergeant Duke filed his motion for summary judgment on August 7, 2024. Def.'s mot. for. summ. j., ECF No. 87. Sharkey filed his opposition on August 8, 2024, and Sergeant Duke replied on August 22, 2024. Pl.'s opp'n, ECF No. 88; Def.'s reply, ECF No. 92.[2] For

---

[1] Sharkey's motion for summary judgment includes claims of (1) unlawful arrest in violation of the Fourth Amendment, (2) retaliation in violation of the First Amendment, and (3) violation of the Equal Protection Clause of the Fourteenth Amendment. *See* ECF No. 68 at 2. However, these claims are not presented in the complaint and so I will not address them. *See Glenn v. Trident Seafood Co.*, 2022 U.S. Dist. LEXIS 91310, at *7 (W.D. Wash. May 20, 2022) ("It is improper to add new claims through a motion for summary judgment[.]").

[2] Almost a month after briefing closed, on September 16, 2024, Sharkey filed a declaration in support of his motion for summary judgment. ECF No 93. Duke, construing it as a surreply, moves to strike it. ECF No. 94. Sharkey disputes that it is a surreply and says it is a supplemental filing. ECF No. 95 at 2. Whether I construe it as a surreply or a supplemental filing is irrelevant as it is improper either way

the reasons herein, I grant Sergeant Duke's motion for summary judgment.[3] Because I grant Duke's motion for summary judgment, I deny Sharkey's motion.

I.      Background[4]

Sharkey claims that Sergeant Duke and the LVMPD have been consistently harassing him "for years" and that he has been "banned from Las Vegas Blvd by a police officer not a judge." ECF No. 3 at 4. This allegation stems from events that occurred on March 20, 2023, and March 27, 2023. Sharkey and his wife, Audrey Sharkey, work on the Strip where they allegedly "have been marketing events and attractions . . . since 2012." ECF No. 68 at 1; ECF No. 87 at 5. On March 19, 2023, LVMPD dispatched officers Danielle Siconolofi and Nicholas Gomez to the T-Mobile store located at 3780 South Las Vegas Boulevard in response to a call from Sharkey. ECF No. 87 at 7; Mar. 19, 2023 police report, Def.'s Ex. I, ECF No. 87-9. Sharkey claimed to the LVMPD officers that he had been pushed by T-Mobile's security guard. ECF No. 87-9 at 8. In response, Sharkey threatened the security guard with pepper spray. *Id.* Both Sharkey and the T-Mobile security guard were issued citations. Duke BWC, Def.'s Ex. B, ECF No. 70-2 at 12:31 ("you got cited and he got cited").[5]

---

because Sharkey did not seek leave of court before filing it. *See* Local Rule 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged."); LR 7-2(g) ("Supplementation prohibited without leave of court.") Accordingly, Duke's motion to strike is granted.

[3] Sharkey also filed a second motion to consolidate this case with case no. 2:24-cv-01093-JAD-NJK. ECF No. 69. I previously denied a motion to consolidate these cases (ECF No. 48) on July 3, 2024. Order, ECF No. 57. I therefore construe this motion to consolidate cases as a motion for reconsideration and deny it accordingly. Sharkey fails to demonstrate (1) newly discovered evidence, (2) clear error, or (3) an intervening change in the controlling law. *See Church of the Gardens v. O'Rourke (In re Niczyporuk)*, 2024 U.S. Dist. LEXIS 59841, at *1–2 (E.D. Wash. Apr. 1, 2024) ("A motion for reconsideration should not be granted unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change of controlling law.") (internal citation omitted).

[4] Any citation or summary of the allegations set forth in the complaint or the motions do not serve as a finding of fact unless stated as such.

[5] Duke filed this exhibit in support of a response manually (i.e., on a DVD filed with the court). ECF No. 73. Sharkey filed his exhibit in support of his motion for summary judgment manually (on a flash drive). ECF No. 74. Duke also filed exhibits in support of his motion for summary judgment manually (on a DVD). ECF No. 89. The DVDs and flash drive contain body-worn camera (BWC) footage and video. The parties' exhibits contain the same body-worn camera footage. For ease of the record, I cite to Duke's exhibits throughout this order only and refer to the timestamp provided on the DVD, not the actual time of day.

2

On March 20, 2023, the day after the incident between Sharkey and the T-Mobile security guard, LVMPD dispatched officers Jake Montiel and Nino Aurelio to the same T-Mobile location after the T-Mobile manager reported that Sharkey had returned to the area in front of the store. Mar. 20, 2023 CAD,[6] Def.'s Ex. J, ECF No. 87-10. The T-Mobile store manager told Officer Montiel that Sharkey was pacing in front of the store and interfering with customers that were trying to enter and exit. Montiel BWC, Def.'s Ex. K, ECF No. 87-11 at 3:30. The store manager also alleged that Sharkey confronted the security guard he got into an altercation with the day prior, asking why he was still there, pointing to the guard's firearm and badge, and stating, "I'm going to get you fucking fired." *Id.* at 3:45. The manager also stated that his employees "feel unsafe" because Sharkey had brandished pepper spray the day before. *Id.* at 3:56. After speaking with the T-Mobile store manager, Officer Montiel approached Sharkey and asked to speak with him. *Id.* at 6:06. In response, Sharkey said he was just walking down the street, and asked if he had committed a crime. *Id.* at 6:10. In reply, Officer Montiel told Sharkey that he was causing a disturbance, asked for his ID, and said that he was being detained because the people at T-Mobile said that Sharkey kept yelling at them. *Id.* at 6:35, 6:48, 7:37. Officer Montiel then asked to speak with a security guard at another store who told Montiel that he did not see Sharkey harass anyone. *Id.* at 8:27. Shortly thereafter, Officer Montiel told Sharkey he was free to go.[7] *Id.* at 10:20.

While Officer Montiel was investigating the issue at T-Mobile, Sergeant Duke travelled to the T-Mobile location. Duke BWC, Def.'s Ex. L, ECF No. 87-12 at 1:03. While driving, Sergeant Duke called Officer Fecteau, who had prior experience with Sharkey. *Id.* at 7:00. Duke said,

> If you can do me a favor, I'm about to arrive here in two minutes with him, if you will just gather together as many event numbers involving him as possible, whether he is the caller or whether they called on him. Usually in the details of the call—all these security guys know him now—so they call in "Sharkey's out here causing

---

[6] LVMPD's Computer Aided Dispatch (CAD) notes.
[7] It is unclear whether Sharkey was in fact cited for this incident on March 20, 2023.

3

problems again," 416Bs and whatever it is, so if you can just—while we're talking to him—if you can gather together as many of those as possible. I'm going to use that as probable cause for disorderly conduct, and just take him to jail for DOC, and be like, he is creating all these calls in this short amount of time, and he is in the same area every time, he's pepper spraying people, he's screaming at people he's threatening people. I think it's enough to say "Hey, it's DOC." And keep arresting him for that until he finds somewhere else to go to cause problems.

*Id.* Sergeant Duke further explained to Officer Fecteau that he had been called out multiple times to investigate Sharkey's behavior and that he has been on "at least three events where he has pepper-sprayed people." *Id.* at 8:10. When Sergeant Duke arrived at the T-Mobile store on the Strip, he approached Sharkey and inquired about what was going on. *Id.* at 10:47. Sharkey explained that T-Mobile was upset that he "walked by" because the security guard "punched him in the chest yesterday" and he filed an assault charge. *Id.* at 10:50. Sergeant Duke then asked Sharkey why the police were repeatedly called to respond to him. *Id.* at 11:15. Sharkey's explanation was that he and his wife had just "moved areas and T-Mobile didn't know them." *Id.* at 11:21. Sharkey explained that he was conducting business, but when Sergeant Duke asked Sharkey for more information about his business, Sharkey refused to provide details without a subpoena. *Id.* at 11:58.

Sergeant Duke expressed his frustration with Sharkey and said, "you're out here every day, you're calling, they're calling, you're pepper-spraying everybody." *Id.* at 12:30. He then explained to Sharkey that nobody else on the Strip had more calls than Sharkey. *Id.* at 13:50. In response, Sharkey said, "that's your job." *Id.* at 14:03. Sergeant Duke again explained that the calls were for "nonsense" like yelling, screaming, and threatening people. *Id.* at 14:07. Again, Sharkey told Sergeant Duke that it was his choice to do his job. *Id.* at 14:23. It was at that point that Sergeant Duke told Sharkey, "I am not going to keep coming out here for you, I am going to figure out ways to take you to jail for breaking the law." *Id.* at 14:30. Sharkey challenged this statement, arguing that it wasn't right for him to be told he couldn't be on the Strip, claiming he had a right to be there. *Id.* at 15:15. Sergeant Duke agreed it was a public street. *Id.* at 15:20.

Sharkey then walked away and continued to pace up and down the street in front of the T-Mobile store. *Id.* at 16:20.

Sometime later, Sharkey approached Sergeant Duke wanting to confirm whether Sergeant Duke would find a reason to arrest him if he was on the Strip. Duke BWC, Def.'s Ex. M, ECF No. 87-13 at 00:30. Sergeant Duke replied "we'll find some reason to arrest you, yes. And a lot of it is disorderly conduct because you can't come out here and cause disturbances all the time." *Id.* at 00:42–54. Again, Sharkey asked, "so if I don't stop coming to the Strip, you're go[ing] to arrest me for disturbing the peace?" *Id.* at 00:54–1:16. Sergeant Duke clarified and responded, "when you're disturbing the peace yes, when you are disturbing the peace yes, we will." *Id.* Sharkey walked away again and later placed a call to LVMPD's Internal Affairs Bureau ("IAB"). *Id.* at 07:20.

At 2:00 p.m. on March 20, 2023, Sharkey filed an IAB complaint against Sergeant Duke. IAB compl., Def.'s Ex. N, ECF No. 87-14. IAB investigated Sharkey's claim by reviewing the body-worn camera footage and the video Sharkey provided to them. IAB synopsis, Def.'s Ex. O, ECF No. 87-15 at 3–4. IAB determined the claims were without merit and closed the case. *Id.* at 3 ("IAB determined the mentioned allegations to have no merit based on the [body-worn camera] review.").

One week later, on March 27, 2023, LVMPD officers arrested Sharkey pursuant to a warrant related to a February 5, 2022, incident where Sharkey pepper-sprayed a sixty-year-old man. *See* CAD and report, Def.'s Ex. B, ECF No. 87-2; CAD, Def.'s Ex. Q, ECF No. 87-17; Justice Ct. docket, Def.'s Ex. R, ECF No. 87-18.

II.     **Legal standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light

most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). "When simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of"—and against—"both motions before ruling on each of them." *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001)).

### III. Discussion

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV, § 1. To succeed on a procedural due process claim, a plaintiff must demonstrate (1) a liberty or property interest protected by the Constitution, (2) a deprivation of the interest by the government, and (3) a lack of process. *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (internal quotations and citations omitted). For a "threat" to life or liberty to be deemed justiciable, it must be "real and immediate." *Black Lives Matter–Stockton Chapter v. San Joaquin Cnty. Sheriff's Off.*, 398 F. Supp. 3d 660, 677 (E.D. Cal. 2019) (quoting *Portland Police Ass'n v. City of Portland*, 658 F.2d 1272, 1273 (9th Cir. 1981)).

Sergeant Duke argues that he is entitled to summary judgment on Sharkey's Fourteenth Amendment claim because (1) Duke did not deprive Sharkey of a liberty interest, (2) Duke's alleged threat was not real and immediate, (3) Sharkey cannot show that Duke would deprive him of his liberty without due process, and (4) he is entitled to qualified immunity. ECF No. 87 at 16–17, 19. In response, Sharkey argues that the threat by Sergeant Duke *was* real and immediate and affected his ability to "conduct business on the Strip and his freedom of movement" and that Sergeant Duke's threats were not based on any immediate or real disruption of the peace but were instead preemptive and punitive in nature. ECF No. 88 at 3 (emphasis added). In his reply, Sergeant Duke re-emphasizes that any alleged threats were not real and immediate, and that he did not threaten Sharkey with a deprivation of liberty without his due process. ECF No. 92 at 3. Sergeant Duke also emphasizes that Sharkey's arrest for using pepper spray on an elderly individual has "nothing to do with his interaction with Duke so it cannot be used to create a dispute." *Id.*

As a threshold matter, the court addresses Sharkey's failure to respond to Sergeant Duke's request for admissions (RFAs). *See* ECF No. 87 at 12. Federal Rule of Civil Procedure 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(b). If admitted, the matter "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *Id.* That same rule also "permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (internal quotation marks and citations omitted); Fed. R. Civ. P. 36(b). Under the second prong of this test, "[t]he party relying on the deemed admission has the burden of proving

prejudice." *Id.* at 622 (citing Fed. R. Civ. P. 36(b)). In his opposition, Sharkey claims that he "did not admit to any of the things the defendant claims by not responding to them but rather did not understand the implications of not responding." ECF No. 88 at 4–5. He asks that the court consider his pro se status and "provide some leniency in interpreting procedural issues." *Id.* at 5.

      Sharkey correctly asserts that because he is pro se the court must construe his pleadings liberally. *See Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995) (directing courts to construe pro se pleadings liberally). However, "[a]lthough pro se, [Sharkey] is expected to abide by the rules of the court in which he litigates." *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986). To the extent Sharkey did not understand the implications of not responding, he should have sought relief from the court long before the dispositive deadline passed, and certainly before Sergeant Duke filed his motion for summary judgment. Given that the dispositive motion deadline has passed, any request that I aide Sharkey with procedural questions or issues is untimely. *See Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1247 (D. Nev. 2020) (explaining that motions or arguments filed after the dispositive motion deadline are presumptively untimely). Because "[a]ny matter admitted under this rule is conclusively established unless the Court on motion permits withdrawal or amendment of the admission," Fed. R. Civ. P. 36(a), and there is no pending motion to withdraw or amend Sharkey's admissions, the RFAs filed as defendant's Exhibit T (ECF No. 87-20) are deemed conclusively established. Consequently, based on Sharkey's admissions, and other evidence provided by Sergeant Duke, Sharkey's Fourteenth Amendment claim fails as a matter of law.

      Sharkey concedes that Sergeant Duke did not deny him any liberty interest without due process. The only dispute Sharkey raises is whether Sergeant Duke threatened him with the deprivation of his liberty without due process. ECF No. 88 at 3. The statement at issue is Sergeant Duke's statement, "I'm going to figure out ways to take you to jail for breaking the law." Duke BWC, Def.'s Ex. L, ECF No. 87-12 at 14:30. But mere threats do not rise to the level of a constitutional violation. *See Gaut v. Sunn*, 810 F.2d 923 (9th Cir. 1987) (mere threats of bodily

harm, without more, insufficient to give rise to a constitutional violation). "There is no constitutional right to be free from threats of arrest; an actual civil rights violation must occur before a cause of action arises under § 1983." *Dick v. Gainer*, 1998 U.S. Dist. LEXIS 6109, at *13 (N.D. Ill. Apr. 20, 1998) (citing *Arnold v. Truemper*, 833 F. Supp. 678 (N.D. Ill. 1993)); *see also Huertas v. City of Camden*, 2004 2004 WL 7339363, at *10 (D.N.J. June 30, 2004) ("To the extent that Plaintiff's § 1983 claim is based on a constitutional right to be free from threats of arrest, such a claim must fail, as no such constitutional right exists.").

Stated otherwise, Sharkey's claim fails because, even looking at the facts in the light most favorable to him, Sergeant Duke's alleged threat did not cause Sharkey to suffer any harm. *See Howard v. Baker*, 2015 U.S. Dist. LEXIS 39718, at *17 (D. Nev. Jan. 14, 2015) (finding that defendants were entitled to summary judgment when no reasonable jury could find from the evidence that plaintiff was harmed). In his complaint, Sharkey alleges that the conversation between him and Sergeant Duke on March 20, 2023, is the event that gave rise to his Fourteenth Amendment claim. ECF No. 3 at 4. The body-worn camera footage from that event demonstrates that after Sergeant Duke threatened Sharkey, Sharkey was free to leave the conversation and walked away from Sergeant Duke. *See, e.g.*, Duke BWC, Def.'s Ex. L, ECF No. 87-12 at 14:53. While walking away, Sharkey continued to yell and curse at Sergeant Duke and the other LVMPD officers. *See, e.g., id.* at 15:11. Sharkey then continued to pace up and down the Strip and intermittently re-engaged with Sergeant Duke and the other LVMPD officers. *Id.* at 17:06–28:02. During this entire exchange, Sharkey was not arrested. Further, Sharkey admits that since the incident, and despite his claim that he fears returning to the Strip, he has returned several times to the Strip. Def.'s Ex. T, ECF No. 87-20 at 9, 10-11. Therefore, the evidence makes clear that Sergeant Duke's threat did not affect Sharkey's "ability to conduct business on the Strip and his freedom of movement." ECF No. 88 at 3.

Sharkey argues that the "timing and context" of the arrest warrant issuance that led to his March 27, 2023, arrest "raise questions about the coordinated effort to misuse police authority against Plaintiff[.]" ECF No. 88 at 2. On March 27, 2023, Sharkey was arrested for a February 5, 2022, incident where he allegedly pepper-sprayed an elderly man and was charged with abuse of an old/vulnerable person, which is a gross misdemeanor. Police Report, Def.'s Ex. B, ECF No. 87-2 at 4–5. The facts demonstrate that this arrest was made pursuant to a warrant and within the statute of limitations. *See* NRS § 171.090.1 (the statute of limitations for a gross misdemeanor is two years). Therefore, it was a proper arrest, done on independent and legitimate grounds, unrelated to Sergeant Duke's alleged threat, and does not raise questions about any sort of misuse of police authority. *See, e.g., Gregory v. Palmer*, 2023 WL 6048844, at *9 (D. Nev. Sept. 15, 2023) (explaining that probable cause for an arrest defeats any subsequent claims for unlawful imprisonment under § 1983). Further, Sharky admits that he called the LVMPD for assistance on the Strip on March 24, 2023—after the alleged threat and *before* the arrest—demonstrating that Sharkey had returned to the Strip prior to March 27, 2023, and was not arrested that day. RFAs, Def.'s Ex. T, ECF No. 87-20 at 10. This only further goes to show that Sergeant Duke's alleged threat and Sharkey's ultimate arrest were unrelated.

Based on Sharkey's admission that Sergeant Duke did not violate any of his constitutional rights, combined with the body-worn camera footage showing that Sergeant Duke clarified his statement when he told Sharkey that LVMPD would arrest him only "when he was disturbing the peace," and the fact that Sharkey was not arrested on the date in question, I find that Sergeant Duke's statement[8] was not a real and immediate threat to deprive Sharkey of his liberty without due process. A threat of an arrest is insufficient for a § 1983 action. There are no facts to indicate that Sharkey was denied his liberty without due process under the Fourteenth Amendment. Therefore, I grant Sergeant Duke's motion for summary judgment.

---

[8] Duke BWC, Def.'s Ex. M, ECF No. 87-13 at 00:54–1:16. A review of the footage reveals Sergeant Duke's original statement to Sharkey, while ill-advised, was the result of frustration based on Sharkey's conduct.

Because I find that Sharkey failed to demonstrate he had a valid Fourteenth Amendment claim, I do not address the issue of qualified immunity. Further, because I find that Sergeant Duke has met his burden demonstrating that there are no issues of material fact, Sharkey's own motion for summary judgment is denied.

IV.   Conclusion

IT IS THEREFORE ORDERED that Duke's motion for summary judgment [ECF No. 87] is GRANTED.

IT IS FURTHER ORDERED that Sharkey's motion for summary judgment [ECF No. 68] is DENIED.

IT IS FURTHER ORDERED that Sharkey's motion to consolidate cases [ECF No. 69] is DENIED.

IT IS FURTHER ORDERED that Duke's motion to strike [ECF No. 94] is GRANTED, therefore, Sharkey's declaration in support of motion for summary judgment (ECF No. 93) is stricken.

The Clerk of Court is kindly instructed to enter judgment accordingly, and to close this case.

Dated: December 19, 2024

_____
Cristina D. Silva
United States District Judge